THE VILLAGE OF WAUCONDA, Plaintiff-Appellee, *v.* VERNON R. OPSAL, Defendant-Appellant.

(No. 72-202; ▮▮▮▮▮▮▮

Second District—March 6, 1974.

▮▮▮▮▮▮▮▮▮

Jack R. Davis and Oliver H. Harris, both of Chicago, for appellant.

Hercules Paul Zagorás, of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was convicted in a bench trial of a violation of a municipal ordinance of the Village of Wauconda for the sale of two six-packs of beer to a 20-year-old male, and fined the sum of $100. The sole question presented to this court is whether the pertinent provision of the Wauconda ordinance requires knowledge or scienter on the part of the seller under the provisions of that ordinance. The trial court made a finding of fact that the village did not prove knowledge on the part of the seller as to buyer's age. The ordinance (section 1410.18 of the Village of Wauconda) reads as follows:

> "It shall be unlawful for any holder of an alcoholic liquor dealer's license to sell, deliver or give any alcoholic liquor to any intoxicated person or to any person known to him to be an habitual drunkard, spendthrift, insane, feeble-minded or distracted person, or minor."

As a matter of interest, the pertinent part of Ill. Rev. Stat. 1971, ch. 43, sec. 131, relative to the sale of liquor to a minor reads as follows:

> "No licensee nor any officer, associate, member, representative, agent or employee of such licensee shall sell, give or deliver alcoholic liquor to any person under the age of 21 years, or to any intoxicated person or to any person known by him to be an ha-

bitual drunkard, spendthrift, insane, mentally ill, mentally deficient or in need of mental treatment."[1]

It can thus be seen that the then State statute specifically provided that it was a violation of the Dram Shop Act to sell liquor to a minor as therein provided. Under the State statute it is the duty of the seller to determine the age of the minor and it is a specific violation of the State statute to sell to a minor while knowledge or scienter is required in the sale to other prohibited parties, i.e., intoxicated persons, habitual drunkards, spendthrifts, insane, mentally ill, mentally deficient or persons in need of mental treatment.

The village ordinance specifically provides that it shall be unlawful for a seller to sell, deliver or give any alcoholic liquor to any intoxicated person known to him to be a habitual drunkard, spendthrift, insane, feebleminded or distracted person, or minor. The village contends that the comma following the words "distracted person" sets off "minor" and that the seller is obligated to determine the age of the minor purchaser. We do not agree with that interpretation. The ordinary grammatical construction of this paragraph simply reads that the seller may not sell to an intoxicated person, and that he may not sell to a person known to him to be a minor or one of the other prohibited purchasers. No other grammatical interpretation, in this court's opinion, is possible under the terms of this ordinance. The ordinance is inartfully drawn. There being no proof by the village that the defendant knew the age of the minor, and there being no requirement that it is the duty of the seller to determine the age of the minor under this ordinance, the conviction under the terms thereof must be reversed. The judgment of conviction is accordingly reversed.

Reversed.

T. MORAN, P. J., and SEIDENFELD, J., concur.

---

[1] It is to be noted that in the last session of the legislature this section was amended and as applicable to the facts before us, although not controlling in this case, the amended statute now reads that it shall be unlawful to sell beer and wine to any person under the age of 19 years rather than 21 as set forth in the quoted statute herein.